**BENISTAR 419 PLAN SERVICES, INC., Benistar Admin Services, Inc., Benistar 419 Plan and Trust, Step Plan Services, Inc., Benistar Client Services, Inc., Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket Nos. 04–5643–CV(L), 05–2484–CV(CON).**

United States Court of Appeals, Second Circuit.

Aug. 11, 2005.

Ira B. Silverstein, Thorp Reed & Armstrong, Philadelphia, PA (Ira B. Stechel, John R. Morin, Wormser, Kiely, Galef & Jacobs LLP, New York, NY, on the brief), for Appellants.

Lara K. Eshkenazi, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Lisa R. Zornberg, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, Chief District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Petitioners-appellants Benistar 419 Plan Services, Inc., and related entities (collectively, "Benistar") appeal from orders of the district court dismissing and denying reconsideration of Benistar's petition to quash a third-party administrative summons issued by the Internal Revenue Service ("Service"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

In an action to enforce an administrative summons, the agency must make a prima facie showing that 1) the summons has a legitimate purpose; 2) the inquiry may be relevant to the purpose; 3) the agency does not currently have the information sought; and 4) all the required administrative steps have been followed. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). An affidavit from a government official ordinarily suffices to establish the prima facie case. *See United States v. Stuart*, 489 U.S. 353, 360, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989); *PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 219 (2d Cir.1992). Once the agency has made this prima facie showing, the burden shifts to the taxpayer to show abuse of the court's process by demonstrating the falsity of the prima facie case, bad faith on the part of the Service, or any other grounds. *Powell*, 379 U.S. at 58, 85 S.Ct. 248; *United States v. Millman*, 822 F.2d 305, 308–09 (2d Cir.1987).

Bona fide investigation is a legitimate purpose, while harassing the taxpayer or pressuring her to settle a collateral matter is not. *Powell*, 379 U.S. at 58, 85 S.Ct. 248. We defer to the agency's assessment of relevance unless it is "obviously wrong." *In re McVane*, 44 F.3d 1127, 1135 (2d Cir.1995). The standard for relevance is whether the information sought "might have thrown light upon" the matter being investigated. *United States v. Noall*, 587 F.2d 123, 125 (2d Cir.1978).

■ Here, the Service seeks Benistar's client list to further the investigation of Benistar for violation of 26 U.S.C. § 6700, and specifically to determine whether those clients claimed tax benefits, what statements Benistar actually made to its clients, and to assess the total tax loss involved. We see no clear error in the district court's finding that these purposes may be relevant to determine how the Benistar plan worked and was marketed, and thus to the Section 6700 investigation.

Benistar argues that three misstatements in the Servadio Declaration demonstrate bad faith on the part of the Service. One of these misstatements, regarding Benistar's accounting practices, is not a misstatement at all but an accurate state-

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

ment of evidence suggesting a violation. Another, regarding listed transactions, may or may not be a misstatement. Regardless, the alleged misstatements were identified before the district court, and even accepting them all as false, the Servadio Declaration amply demonstrates the legitimacy of the Service's investigation.

Benistar also argues that the legal theory underlying the Service's investigation is so unsupportable as to demonstrate bad faith and implicate First Amendment concerns, because it seeks to penalize Benistar's good faith interpretation, in reliance on the advice of counsel, of vague regulations. But Benistar's good faith is a question that the investigation seeks to address in the first instance. Inconsistencies between the actual operation of the plan and the assumptions on which the opinion of counsel rested, or representations inconsistent with counsel's opinion, could conceivably demonstrate a Section 6700 violation. The Service is entitled to investigate in an attempt to establish or even to eliminate these possibilities. *See United States v. Morton Salt Co.*, 338 U.S. 632, 642–43, 70 S.Ct. 357, 94 L.Ed. 401 (1950) (extending *Powell* to investigations of the Federal Trade Commission); *cf. PAA Mgmt.*, 962 F.2d at 216.

■ Benistar further argues that the Service's investigation is a pretext for investigating Benistar's clients without complying with the John Doe rules of 26 U.S.C. § 7609. However, where a summons serves the dual purposes of investigating both known and unknown taxpayers, the Service need not comply with Section 7609. *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 105 S.Ct. 725, 83 L.Ed.2d 678 (1985). The sole inquiry in determining whether a summons is dual-purpose is whether the requested information is relevant to the investigation of the known taxpayer. *Id.* at 323, 105

S.Ct. 725. As discussed above, we see no error in the district court's finding that the client list is relevant to the Benistar investigation.

■ Finally, Benistar argues that its cooperation to date moots the need for the client list. It argues that the information already provided, particularly financial records, provide the Service with all the information it needs. But the issue is not whether the summons could achieve the same ends in a less intrusive manner, but whether the requested information is relevant to a legitimate purpose. *Id.* at 323, 105 S.Ct. 725. Again, this has already been established. On motion for reconsideration, Benistar argued that its cessation of the marketing of its plan, intent to seek an affirmative Section 419A(f)(6) determination, and payment of 15% of potential liability pursuant to 26 U.S.C. § 6703(c) moot any need for further investigation. But investigation will still be necessary with respect to past violations of Section 6700 and to determine whether the Benistar plan as actually practiced conforms to Section 419A(f)(6). As to the Section 6703(c) payment, that provision by its terms is not relevant until after the Service demands a penalty, only halts collection procedures, and does not moot the need to determine whether a penalty is justified in the first instance. The district court therefore did not abuse its discretion in denying the motion for reconsideration.

We have considered Benistar's other arguments and find them to be without merit. For the above reasons, we affirm the judgment and order of the district court.